No. 26,060.

JOE MEINHART, *Appellee*, v. THE FARMERS STATE BANK, *Appellant*.

SYLLABUS BY THE COURT.

BANKS AND BANKING—*Payment of Check—Liability for Refusal to Pay—Evidence.* In an action by a depositor to recover damages from a bank for refusal to honor his checks, the court permitted the plaintiff to introduce evidence that he had been refused loans by other banks and that others had refused to cash his checks, without showing that the refusal of the other banks to make the loans and others to cash his checks was caused or influenced by the dishonor of the checks by the bank from which he sought damages. *Held*, error.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed October 10, 1925. Reversed.

*E. L. Foulke* and *James B. Nash*, both of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, J. W. Ward* and *Tom Harley*, all of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover damages for refusal of the defendant to honor plaintiff's checks. Plaintiff prevailed, and defendant appeals.

The plaintiff was farming a small tract of land near Wichita. The defendant bank is located at Wichita. The plaintiff had been doing a small banking business with defendant for approximately two years. About January 2, 1923, plaintiff applied to the defendant for a loan of $200. There was evidence showing, substantially, that the cashier asked him regarding his prospects for the year, and where he was farming. He stated that he had rented a farm close to St. John's Academy, south and west of Wichita, and that he desired this $200 in order to make a crop on the land. The bank made the loan. Plaintiff's note, maturing July 1, 1923, was executed. Instead of putting in a crop on the farm mentioned, the plaintiff had a public sale, February 14, 1923, and sold all of his property, consisting of teams and farming implements. The next day (February 15) Mr. Gidley, cashier of the bank, had a conversation with plaintiff at the farm. Mr. Gidley testified that in that conversation he told Meinhart (plaintiff), in substance, that the loan at the bank

---

1. Banks and Banking, 7 C. J. § 425; 4 A. L. R. 947; 13 A. L. R. 305; 5 R. C. L. 550.

21—119 KAN.

had been obtained on the promises and statement that the plaintiff had rented a farm in Sedgwick county and would farm in Sedgwick county for the year 1923, and if he was going to leave Sedgwick county he must fix up this note; that plaintiff told him he would be in that afternoon and deposit the proceeds of his sale, and that he would either pay this note from the proceeds of the sale or have his father-in-law sign the note with him as security. Plaintiff came that afternoon and deposited the proceeds of the sale, amounting to $339.54. Mr. Gidley was not in at the time. Afterwards the father-in-law of plaintiff informed the bank that he would not sign the note or go security for plaintiff, and that the bank could take the payment of the note out of the amount on deposit. Afterwards, on February 27, the bank applied $200 of the deposit on plaintiff's note and charged his account with the amount and credited back the un-earned interest ($5.48). Plaintiff's checks were afterwards presented for a greater amount than the balance remaining on deposit, and payment was refused. Also, afterwards, and prior to the bringing of this action, plaintiff and his brother-in-law borrowed $200 from the defendant, both signing the note, and the brother-in-law giving a mortgage on an automobile as security. This note was paid at maturity.

The defendant complains, chiefly, that the plaintiff was permitted to testify as to trouble and difficulty he had in Kingman county after the sale and his departure from Sedgwick county; that later he tried to borrow money at Garden Plain, at Colwich and at two places in Wichita, and was refused; that payment of his checks was refused at the West Side Mills, at the Boston Store and at Dunn Mercantile Company, and also at Colwich. All this without any evidence that those who refused him credit or refused to take his checks did so because of the refusal of the defendant to honor his checks. He offered no evidence that any of those refusing him credit ever heard that his checks had been dishonored by the defendant.

In our opinion this was prejudicial error. The defendant cannot be held for plaintiff's failure to procure credit in other places and from other people unless those refusing the credit had some knowledge of the relations of the plaintiff and defendant and were influenced thereby. There may have been any number of good and sufficient reasons why the plaintiff was unable to procure loans in other places and from other parties, or why others refused to honor his checks.

Parman v. Lemmon.

It is a matter of common knowledge, of which this court takes notice, that many men of honor, integrity and good reputation have on occasions been unable to borrow money at the banks; likewise have failed to get their checks cashed. May a jury speculate and presume why they so failed? And in the instant case, should the jury have been allowed to speculate and presume why plaintiff was refused credit? Plaintiff had been engaged, in a small way, in farming; had sold all his farming implements and left the county; had then returned and was working at day labor; was refused credit by banks and business houses. Without some evidence as to why he was refused credit, the court and jury were left in the realm of mere speculation or presumption. They had no right to presume that credit was refused by others because the defendant had refused to pay plaintiff's checks.

A cross appeal has been filed. Inasmuch as a new trial is necessary, the matters therein complained of need not be decided. Other complaints of the appellant need not be discussed.

The judgment is reversed and the cause remanded for a new trial.